IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DONOVAN SMITH HOA, | § | |
| | § | |
| Appellant Below, | § | No. 24, 2018 |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| DONOVAN SMITH MHP, LLC, | § | C.A. No. S17A-06-001 MJB |
| | § | |
| Appellee Below, | § | |
| Appellee. | § | |

Submitted: June 13, 2018
Decided: July 10, 2018

Before **STRINE**, Chief Justice; **VAUGHN** and **TRAYNOR**, Justices.

## **O R D E R**

In this appeal, the principal issue raised by the appellant, Donovan Smith HOA (the "Homeowners"), is whether Donovan Smith MHP, LLC (the "Landowner") satisfied its obligation under the Rent Justification Act to show that its proposed rent increase is "directly related to operating, maintaining or improving the manufactured home community" as a prerequisite to being able to obtain an above-inflation rent increase.[1] In *Bon Ayre Land, LLC v. Bon Ayre Community Association*,[2] we made clear that "the landowner must show that its original expected return has declined, because the cost side of its ledger has grown. If a landowner

---

[1] 25 *Del. C.* § 7042(a)(2).
[2] 149 A.3d 227 (Del. 2016).

can show that its costs have gone up, that opens the door to a rent increase based on § 7042(c)'s factors, including market rent."[3]

Before the arbitrator in this dispute, neither party was represented by counsel. The Landowner presented evidence in support of its argument that its costs had increased in a manner that satisfied § 7042(a)(2),[4] including testimony that "in 2016 driveways were installed in every unit," and that "the [Landowner] painted the maintenance building . . . ."[5]

In their closing argument, the Homeowners argued that this evidence was not sufficient because the Landowner "hasn't proven that he's had increased expenses. . . . [or] shown any data that says that he is having trouble with his . . . books where we're . . . balancing his books so that he can make a profit and continue his business in a way."[6]

But before the hearing, the Homeowners had not sought information about the Landowner's regular costs of operations, and at the hearing, did not dispute that the Landowner had added a driveway to each unit and repainted the maintenance building.[7] Although the Landowner did not present evidence of what these

---

[3] *Id.* at 234–35.

[4] 25 *Del. C.* § 7042 ("The proposed rent increase is directly related to operating, maintaining or improving the manufactured home community, and justified by 1 or more factors listed under subsection (c) of this section.").

[5] App. to Opening Br. at A10 (Arbitrator's Decision).

[6] *Id.* at A77 (Arbitration Transcript).

[7] Although the Homeowners stated during the Landowner's direct examination of its office manager that the improvements to the maintenance building did not occur in 2016, they did not

improvements cost, the arbitrator was charged with addressing the evidence in front of him and making fair inferences from it.[8]  One fair inference is that adding a driveway to each unit involved a substantial cost, and that repainting the maintenance building also involved a cost, and that without an increase in rent, the Landowner's rate of return would have been reduced.

On appeal to the Superior Court, the Homeowners argued that the arbitrator erred in deciding that the Landowner had shown that "its profits were down because its costs were up,"[9] and thus by granting a rent increase of $29.90, or 6.7%, and in deciding that the Landowner's rent increase was justified by the market rent factor of § 7042(c).[10]  But the Homeowners acknowledged that "it is fair to assume that [the Landowner] incurred some expenses by installing driveways," despite their contention that "the record lacks any evidence as to what that cost might be."[11]  And the arbitrator's conclusion that the Landowner satisfied the market rent factor was

---

follow up on this inquiry during cross-examination of the office manager, as the arbitrator stated they could.  *Id.* at A62–65 (Arbitration Transcript).

[8] 1 *Del. Admin. C.* § 202-7.21 ("The decision of the arbitrator shall be based solely on the evidence presented at the hearing and based on the standards set forth in 25 Del.C. § 7042.").

[9] App. to Opening Br. at A115 (Donovan Smith HOA's Opening Br. on Appeal).

[10] *Id.* at A117, A126; 25 *Del. C.* § 7042(c) (identifying as one of the factors that "may justify the increase of rent in an amount greater than the CPI-U" market rent, defined as "that rent which would result from market forces absent an unequal bargaining position between the community owner and the home owners," and determined by considerations such as "rents charged to recent new home owners entering the subject manufactured home community and/or by comparable manufactured home communities").

[11] *Id.* at A115; *id.* at A116 ("While it is certainly possible that [the Landowner] had an increase in its overall expenses because incurred the expense for the driveway and had no change to any of its other expenses, there is no evidence in the record to suggest that this was the case.  As the party with the burden of proof, it was [the Landowner]'s obligation to provide such evidence.").

based on his review of the entire record and his observation that even with the $29.90 rent increase, the Homeowners' rent "is still far below the rents of Donovan Smith's competitors."[12]  The arbitrator's findings were justified by the substantial record evidence of the market rents at comparable communities.[13]

In the course of affirming, the Superior Court made statements that are inconsistent with the very structure of the Rent Justification Act,[14] and our decisions interpreting it.[15]  To that point, the Superior Court suggested that a landowner may seek an above-inflation rent increase without any worry that the homeowners could examine the underlying business records necessary to test whether the proposed rent increase is "directly related to operating, maintaining or improving the manufactured home community"[16] when it stated:

> Nothing in the statute, however, requires that the private owner expose its financial information to public scrutiny.  While the intent of the statute is to maintain the same relative return on the property that the

---

[12] *Id.* at A11 (Arbitrator's Decision).

[13] *Id.* at A11–12 (reviewing the Landowner's identification of the monthly rent at three comparable communities and testimony by witnesses from both parties that identified McNichol Place as the "best comparison to Donovan Smith" before concluding that the Landowner satisfied the market rent factor because "even with the proposed rent increase McNichol Place remains $92.40 a month more expensive than Donovan Smith").

[14] 25 *Del. C.* § 7043(b) (requiring a landowner to "disclose financial and other pertinent documents and information supporting the reasons for the rent increase"); 1 *Del. Admin. C.* § 202-6.0 ("At the meeting, the community owner shall, upon request of any affected home owner or his or her representative, disclose all of the material factors resulting in the decision to increase the rent, including the financial and other pertinent documents and information supporting the reasons for the rent increase.").

[15] *See Bon Ayre Land, LLC*, 149 A.3d at 235–36 (noting that the Rent Justification Act includes the "modest" requirement that the landowner "produce evidence suggesting that the 'return' on its 'property' has declined"); *id.* at 237 (rejecting an interpretation of the evidentiary standard of the Rent Justification Act that is "absent from the language of the Act itself and unnecessary").

[16] 25 *Del. C.* § 7042(a)(2).

owner was satisfied to receive before the statute took effect, there is no requirement that it be a penny for penny or dollar for dollar analysis, at least in these circumstances, when the owner is seeking to justify the increase based on market rent.[17]

That statement was erroneous, and based on a logic that is in general inconsistent with the principles underlying all litigation in our courts. To the extent that there is a legitimate basis for claiming confidentiality as to any business record—a status that has to be proven—the Superior Court, or the arbitrator in the first instance, may condition discovery and use of the document on appropriate conditions.[18] But it is not the case that a landowner may proceed under the Rent Justification Act to argue that it is entitled to an above-inflation rent increase without also being willing to produce documents to contesting homeowners that allow them to fairly test that assertion.[19]

---

[17] *Donovan Smith HOA v. Donovan Smith MHP, LLC*, C.A. No. S17A-06-001 MJB, 2017 WL 6507188, at *4 (Del. Super. Dec. 19, 2017).

[18] *E.g.*, Super. Ct. Civ. R. 26(c)(7) ("Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the Court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way . . . ."); 1 *Del. Admin. C.* § 202-7.17 ("Any party may request that the arbitrator accord confidential treatment to some or all of the information contained in a document. If the claim of confidentiality is challenged by any party, then the party claiming confidential treatment must demonstrate to the arbitrator that the designated information is confidential as recognized by state law. Notwithstanding any claim of confidentiality, any party to the proceeding shall be allowed to inspect a copy of the confidential document upon the signing of a confidentiality agreement in a form approved by the arbitrator.").

[19] 25 *Del. C.* § 7043(b) (requiring a landowner to "disclose financial and other pertinent documents and information supporting the reasons for the rent increase").

For present purposes, we affirm the arbitrator's decision on the case-specific, narrow basis that on the record before him, the arbitrator had a rational basis to reach his finding that the Landowner's return had declined because of its increased cost of adding a driveway to each unit and repainting the maintenance building.[20] We see no basis in the record to conclude that the Homeowners fairly presented the arbitrator with a request to require the Landowner to produce copies of its underlying books and records, or that the Homeowners argued before their closing argument, when the record was closed, that the Landowner was obligated to do so.[21]

Evidentiary hearings are critical to the efficient procession of justice, and appellate courts are rightly hesitant to second-guess the initial fact finder on the basis of arguments not fairly presented. That guides our result here, where we accord deference to the arbitrator, while making clear that in a later case, the outcome could be quite different, especially if the homeowners fairly demand discovery of the landowner's books and records relevant to the question of whether the proposed above-inflation rent increase is "directly related to operating, maintaining or improving the manufactured home community"[22] and the arbitrator fails to require production of those records.

---

[20] App. to Opening Br. at A10 (Arbitrator's Decision).
[21] *Id.* at A77 (Arbitration Transcript).
[22] 25 *Del. C.* § 7042(a)(2).

We thus affirm but for different reasons than articulated by the Superior Court in its opinion of December 19, 2017.[23]

BY THE COURT:

/s/ Leo E. Strine, Jr.

Chief Justice

---

[23] *Donovan Smith HOA*, 2017 WL 6507188 (Del. Super. Dec. 19, 2017).